[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
As a result of the decennial re-evaluation of 1985 the subject property, with the building thereon, was assessed by the Town of East Windsor (Town) at $3,817,740.
The owner of the subject property, Hartfield Associates Limited Partnership (Hartfield) took issue with the assessment as being excessive and petitioned the Town. Thereafter Hartfield entered into an agreement with the Town whereby the assessment for the Grand List of 1986 would be the lesser amount of $2,409,207 until certain conditions subsequent were met at which time the original assessment of $3,817,740 would be re-imposed. CT Page 1907
Subsequent to this agreement being entered into between Hartfield and the Town, the plaintiff herein, East Windsor Limited Partnership I (Partnership) purchased the subject property on or about January 15, 1988.
The plaintiff Partnership claims that a review of applicable records of the Town prior to the purchase of the subject realty did not reveal the existence of the agreement between Hartfield and the Town and the plaintiff ascertained the assessment to be $2,409,207 for the subject property and relied on this information when it purchased the subject realty.
Subsequent to the purchase, the Partnership was notified by the Town that the assessment for the Grand List of October 1, 1988, would be $3,817,740.
Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, Inc., n. 193 Conn. 313,316-317. The function of the court is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The movant for summary judgment is held to a strict standard demonstrating his entitlement to such remedy. Kakadelis v. DeFabritis, 191 Conn. 276, 282.
The plaintiff claims that the statutory authority for the action of the assessor in increasing the assessment for the Grand List of October 1, 1988, lies in Conn. Gen. Stat. 12-65b.
Conn. Gen. Stat. 12-65b(a) reads in relevant part:
 Any municipality may, by affirmative vote of its legislative body, enter into a written agreement with any party owning . . . an interest in real property in such municipality, fixing the assessment of the real property . . . which is the subject of the agreement. . . .
The plaintiff further claims that the assessor did not comply with the requirements of Conn. Gen. Stat. 12-65b in that there was no affirmative vote by the Town's legislative body and the agreement was not reduced to writing as required by the language of the statute. The plaintiff asserts that the failure of the Town to comply with Conn. Gen. Stat. 12-65b leaves the Town without authority to increase the assessment. The plaintiff thereby moves for summary judgment. CT Page 1908
The defendant Town does not dispute that there was no compliance with the requirements of Conn. Gen. Stat. 12-65 (b).
The Town claims that the appropriate statutory authority for the increase in the assessment is found in Conn. Gen. Stat.12-55 and that the Town complied with requirements of this statute.
Conn. Gen. Stat. 12-55 reads in relevant part:
 When the lists of any town have been so received or made by the assessor or board of assessors, they shall equalize the same, if necessary, and make any assessment omitted by mistake or required by law. The assessor or board of assessors may increase or decrease the valuation of property as named in any such lists or in the last-preceding grand list, but, in each case of any increase in valuation of such property above the valuation, if any, stated by the person filing such list or in each case of any increase of valuation above the valuation of such property in the last-preceding grand list . . . they shall send written notice . . . of such increase. . . .
A motion for summary judgment should be denied when, a) there is permissible room for conflicting inferences, United Oil Co., v. Urban Redevelopment Commission, 158 Conn. 364, 379; or, b) the movant fails to foreclose the possibility of existence of issues of material fact. Fogarty v. Rashaw,193 Conn. 442, 445.
The inferences to be drawn from underlying facts contained in evidentiary materials must be viewed in light most favorable to the party in opposition. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980).
In the case as bar, the functional and economic factors upon which the assessor did rely in order to determine the valuation of the subject property are questions of fact for the trier of fact.
The plaintiff herein has failed in its burden to foreclose the possibility of existence of issues of material fact.
The plaintiff's motion for summary judgment is denied.
MIANO, J. CT Page 1909