[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT, #145
ISSUE
Whether the court should grant the defendant's motion for summary judgment because there are no genuine issues of material fact and because the defendant is entitled to judgment as a matter of law.
FACTS
The following facts are alleged in the plaintiff's revised complaint, #133. The plaintiff, Progress Park Associates, is a general partnership with its offices in Cromwell, Connecticut. On December 2, 1988, the plaintiff took title to a parcel of land (the "subject premises") comprising approximately forty acres located in Cromwell, Connecticut. Prior to taking title to the subject premises the plaintiff had contracted to sell certain parcels located in the subject premises and had entered into negotiations to sell another parcel located in the subject premises.
The defendant, the Connecticut Resources Recovery Authority, is a legal entity with offices located in Hartford, Connecticut. The defendant is authorized, pursuant to General Statutes Secs. 22a-261, et seq., to acquire real property by "purchase, gift, transfer, or by condemnation." On December 5, 1988, the defendant announced its intention to build a trash-to-energy plant (the "plant") in Cromwell, Connecticut. The announcement listed the subject premises as one of four sites being considered for the plant.
On December 12, 1988, the defendant informed the plaintiff of the CT Page 4642 defendant's intention to take the subject premises by condemnation no later than February 1, 1989. On January 26, 1989, the defendant informed the plaintiff of the defendant's intention to acquire the subject premises. In December of 1990, the defendant publicly announced the withdrawal of its intention to acquire the subject premises.
The plaintiff alleges in the first two counts of its revised complaint that the defendant's conduct constitutes a de facto taking of the subject premises and that, as a direct result of the defendant's conduct, the plaintiff lost sales opportunities and the plaintiff has suffered severe financial hardship. The plaintiff alleges in the third and fourth counts of its revised complaint that the defendant's conduct constitutes tortious interference with existing and proposed contractual relationships and that it has suffered severe financial hardship as a result thereof.
The defendant now moves for summary judgments on the third and fourth counts of the plaintiff's revised complaint. The pleadings are closed. Both parties have filed memoranda of law and appended appropriate documentations thereto.
DISCUSSION
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984) (citation omitted).
"[S]ummary judgment procedure is particularly inappropriate where the inferences the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . ." Connell v. Colwell, supra, CT Page 4643 251.
The defendant argues that the plaintiff must prove that the defendant acted with improper motive and that the defendant was guilty of some kind of fraud or misrepresentation in order for the plaintiff's claim to succeed. Although the defendant contests many of the factual allegations made by the plaintiff, the defendant argues that even if those factual allegations are taken as true for the purpose of this motion, that the plaintiff cannot succeed in proving that the defendant's conduct was tortious. The defendants argue that the land acquisition and vendor selection process is highly complicated and fraught with uncertainties to all concerned. The defendant further argues that although the selection processes cause problems for landowners, there is nothing tortious in the process and that there is no factual support for the claim that the defendant intended to interfere with the plaintiff's contractual relationships.
The plaintiff argues that a question of fact exists regarding whether the assertions made by the defendant to the plaintiff on December 12, 1988 and on January 26, 1989 constitute actionable misrepresentations. The plaintiff further argues that a question of fact exists regarding whether the defendant's failure to publicly withdraw its intention to acquire the subject premises constitutes improper conduct giving rise to a claim of tortious interference.
 "`This court has long recognized a cause of action for tortious interference with contract rights or other business relations. (Citations omitted.) Blake v. Levy, 191 Conn. 257, 160, 464 A.2d 52 (1983).' Solomon v. Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985). Nevertheless, "not every act that disturbs a contract or business expectancy is actionable. Jones v. O'Connell, [189 Conn. 648, 660-61, 458 A.2d 355 (1983)]." Blake v. Levy, supra, 260-61. "`[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.' (Citations omitted.)" Id., 261, quoting Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-202, 374 A.2d 179 (1977). "[A]n action for intentional interference with CT Page 4644 business relations. . . requires the plaintiff to plead and prove at least some improper motive or improper means . . . . `[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself.'" (Citations omitted). Blake v. Levy, supra, 262; Kakadelis v. DeFabritis, 191 Conn. 276, 279-80, 464 A.2d 57 (1983); see also Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 753, 755, 474 A.2d 780 (1984) (liability in tort imposed only if defendant acted maliciously).
Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,535-36, 546 A.2d 216 (1988).
The question of whether the defendant's conduct was tortious is a question of fact and, therefore, the defendant has failed to prove the absence of any genuine issue of material fact.
The defendant's motion for summary judgment is denied.
AUSTIN, J.