[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS CT Page 4540
In 1981, Henry T.H. Grant, M.D. (plaintiff), and three other anesthesiologists entered into an agreement to provide anesthesia services to Bristol Hospital, Inc. (defendant). The parties had a written contract setting out the terms of the service agreement. In addition, because the plaintiff was providing medical services, he applied for and was appointed to the defendant's active medical staff with privileges in anesthesiology. The plaintiff's rights and obligations as a member of the medical staff were set out in the by-laws, rules and regulations of the medical staff (by-laws).
On November 1, 1988, the defendant gave plaintiff notice that it was not willing to renew the service contract in its present form. The parties began negotiating a successor agreement. The services contract expired before any successor agreement was executed. On October 1, 1989, the defendant entered into a services agreement with the three other anesthesiologists. The plaintiff was not included in the new agreement.
Dr. Grant, the plaintiff, filed a five count amended complaint on November 1, 1991, against the defendant hospital.
The claims arise from 1) statements made by the defendant's president, and from 2) the by-laws which control the plaintiff's rights and responsibilities as a member of the medical staff.
In Counts One and Five of the amended complaint the plaintiff alleges that the president of the defendant hospital promised him that under the successor anesthesia contract he would receive a vice-chairman position, and an additional $10,000.00, and assured the plaintiff that if one of the anesthesiologists were terminated, it would not be the plaintiff. Count One alleges that these statements were in the nature of negligent misrepresentations. Count Five alleges that the president of defendant hospital committed fraud in that he did not intend to honor said representations made to plaintiff at the time they were made and the plaintiff relied on said representations to his detriment.
Counts Two, Three and Four allege that the medical staff by-laws constituted an implied contract and that the defendant breached said by-laws by terminating the plaintiff without according him procedural due process, by not acting in good faith and in negligence in failing to accord plaintiff these due CT Page 4541 process rights.
The defendant herein moves for summary judgment on Counts One through Five and claims that there is no genuine issue as to any material fact as to each count.
DISCUSSION
Summary judgment is a method of resolving litigation when the "pleadings, affidavits and any other proof" submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384, Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316-317. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Id.
A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Practice Book 380, 381, Strada, supra, id.
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, movant for summary judgment is held to a strict standard demonstrating his entitlement to such remedy. Kakadelis v. DeFabritis, 191 Conn. 276,287. (Emphasis added).
The party moving for summary judgment has the burden of showing that there is no doubt as to any genuine issue of material fact, and the facts must be viewed in the light most favorable to the non-movant. Rawlings v. New Haven, 206 Conn. 100,104. (Emphasis added).
The defendant in support of its motion for summary judgment directs the courts attention, inter alia, to Article 13 of the by-laws which contain the provision "that there shall. . .be absolute immunity from civil liability. . . ." The defendant asserts therefore that the hospital is immune from liability and therefore summary judgment should enter as to all counts.
A fair reading of the by-laws indicates that the immunity is limited to the extent permitted by law and limited to certain acts or communications of the hospital performed in good faith and without malice. Whether the acts and/or communications the CT Page 4542 plaintiff complains of were made in good faith or not are issues of fact.
So too, with Counts One and Five wherein it is claimed that representations by the president of defendant hospital were made falsely or without reasonable efforts to ascertain the truthfulness of the representations. The intent and/or motive of the person making the representations is an issue of fact.
Likewise, relevant to Counts Two, Three and Four, whether the procedural rights of the plaintiff were breached by the defendant hospital are issues of fact.
It is well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376.
The function of the court in a motion for summary judgment is not to decide issues of fact, but rather to determine whether any such issue exists. Nolan v. Borkowski, 206 Conn. 495, 500. Material issues abound in this matter and are not limited to those issues referred to hereinabove
The motion for summary judgment as to each of the five counts of the Amended Complaint is denied.
Miano, J.