HOWARD IRVING BUDROW, ADM'R
(Estate of June. Phyllis Budrow)
*vs.*
NANCY (ANNA) C. LYNCH ET AL.

HOWARD IRVING BUDROW, ADM'R
(Estate of Ida A. Budrow)
*vs.*
NANCY (ANNA) C. LYNCH ET AL.

Superior Court   New Haven County   File No. 56402,
56403

MEMORANDUM FILED JANUARY 12, 1940.

*Lewis J. Somers,* of Meriden, for the Plaintiff.

*Edward M. Rosenthal* and *Frederick S. Harris,* of Meriden, for the Defendants.

FOSTER, J. This is an appeal from taxation of costs in each of two cases. There are named two defendants, Nancy (Anna) C. Lynch and George W. Hollman. The cases were made returnable on the first Tuesday of February, 1939, and are similar in respect to pleadings and disposition, so I shall speak of only one case, but this memorandum of decision applies to each case.

On February, 25, 1939, George W. Hollman filed a demurrer to the complaint, which, after argument, was sustained (Daly, J).

On September 15, 1939, the plaintiff filed an amendment to his complaint.

On September 22, 1939, Hollman moved to strike the amendment from the file, which motion was granted on October 4, 1939 (Munger, J).

On October 20, 1939, Hollman moved for judgment of nonsuit.

On October 31, 1939, judgment on the pleadings in favor of Hollman against the plaintiff was directed (Dickenson, J).

On November 17, 1939, judgment was rendered in favor of the plaintiff against the defendant Lynch in accordance with a stipulation.

The clerk of the court in due course taxed costs in favor of the defendant Hollman against the plaintiff as follows:

| | |
|---|---|
| Services before trial | $10.00 |
| Trial of issue of law | 15.00 |
| Judgment file | 1.00 |
| Judgment fee | 15.00 |
| Demurrer sustained | 15.00 |
| **Total** | **$56.00** |

From this taxation by the clerk of the court the plaintiff appeals to the court.

Where there are two defendants, as here, the defendant against whom no recovery is obtained is entitled to costs (Gen. Stat. [1930] §5661).

The items of the taxation of costs which the plaintiff disputes are:

| | |
|---|---|
| Judgment file | $ 1.00 |
| Judgment fee | 15.00 |
| Trial of issue of law | 15.00 |

The plaintiff claims that his attorney drew the judgment file and that he should not pay the fee of $1.00. This fee is fixed by section 2271 of the General Statutes, Revision of 1930, irrespective of who draws the judgment file.

By the same statute (Gen. Stat. [1930] §2271) the prevailing party is entitled to a fee of $15.00 for the trial of any issue of law or fact. The plaintiff contends that since he is taxed with a fee of $15.00 on demurrer sustained, he should not be taxed with the trial fee. The fee on demurrers is fixed by the rules of court as follows: "A trial fee shall be taxed to the prevailing party upon each issue of law joined upon demurrer; provided, however, that no more than one trial fee shall be taxed in favor of any party upon issues of law joined at any one stage of the pleading, and pending at one time...." Practice Book (1934) §214.

The wording of this rule assumes that at a later stage of the case a further fee may be taxed. When the demurrer was sustained, Hollman was still in the case. The plaintiff filed an amendment to the complaint affecting the matter. He moved to strike out the amendment. He further moved for judgment of nonsuit. Here were involved disputed questions of law. These questions were tried before the court. He is entitled to a fee as the prevailing party in such trial.

Hollman is entitled to a judgment fee of $15.00. Cum. Supp. [1939] §889c, Practice Book, (1934) §227 (4).

This was a judgment upon the pleadings. Even if it were considered as a judgment of nonsuit, it was not rendered "at the first session or term."

The appeal from taxation of costs in each case is denied and dismissed.