[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
CT Page 9894
BACKGROUND
On March 29, 1994, the plaintiffs, Philip and Donna Juliano, filed a three count complaint against the defendant, the Stanley Works, Inc. The first count alleges a violation of General Statutes § 52-572m, the Connecticut Products Liability Act (CPLA), count two alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, and count three alleges loss of consortium. The facts as alleged in the complaint are as follows. On June 29, 1991, the plaintiff, Philip Juliano, was injured by a Bostitch N12 nail gun which he had purchased, and which was manufactured by the defendants. The plaintiff alleges that the injury was caused by the defective design of the nail gun, as well as a failure to warn of its defective and dangerous condition.
On April 28, 1994, the defendants moved to strike count two of the plaintiffs' complaint on the ground that the Connecticut Products Liability Act is an exclusive remedy. The plaintiffs filed a brief in opposition to the defendants' motion to strike on May 9, 1994, and the defendants filed a reply to the plaintiffs' brief on June 9, 1994.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Etc. P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, CT Page 9895224 Conn. 215.
The defendants contend that the CPLA is an exclusive remedy which precludes the plaintiffs from attempting to recover under CUTPA. The plaintiffs maintain that while the CPLA bars some common law actions it does not preclude bringing a CUTPA claim in the same action.
General Statutes § 52-572n(a) provides in part that "[a] product liability claim . . . maybe asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." No Connecticut appellate court has ruled directly on this exclusivity provision of the Connecticut Products Liability Act on CUTPA claims. And, "Connecticut Superior Court decisions are split on the issue of whether the CPLA exclusivity provision bars actions pleaded simultaneously under CUTPA." Geissler v.Ford Motor Co., 9 CSCR 148 (January 13, 1994, Dranginis, J.).
One line of cases holds that the CPLA and CUTPA are not mutually exclusive since they have different purposes; the purpose of the CPLA is to prevent the sale of defective products, while the purpose of CUTPA is to prevent unfair or deceptive trade practices. Geissler v. Ford Motor Co., supra, 9 CSCR 148; see Geib v. Oshkosh Truck Corp., 11 Conn. L. Rptr. 285 (April 4, 1994, Dean, J.); Touchette v. Smith, 10 Conn. L. Rptr. 173, 175 (October 5, 1993, Booth, J.); D'Alfonso v. Jacobs Suchard, Inc.,4 Conn. L. Rptr. 175 (May 17, 1991, Aronson, J); Haesche v.Kissner, 4 CSCR 718, 719 (August 15, 1989, Berdon, J.). Some cases follow a rationale developed in West Haven, School Districtv. Owens-Corning Fiberglass Corp., 14 Conn. L. Trib., No. 44, p. 23 (D. Conn. November 7, 1988, Nevas, J.) that product liability statutes preclude any claim that is essentially co-extensive with or functionally identical to a simultaneously pleaded product liability claim. This, in order to sustain a CUTPA claim a plaintiff must plead facts beyond those necessary to support a product liability cause of action. Geissler v. FordMotor Co., supra, 149.
The court in Geissler, in refusing to strike the CUTPA claim, relied on the plaintiffs' allegations of a failure to disclose and misrepresentation as to the danger of the product sold. Id. The court reasoned that allegations were unnecessary to support an action under CPLA but were sufficient to support a CUTPA claim. Id. Other courts, however, have ruled that such CT Page 9896 allegations are functionally identical since the claim is based on the physical injuries sustained from the use of the product and not on consumer injuries incurred as a result of deceptive trade practices. Cristy v. Soft Sheen Products, 8 CSCR 28
(November 13, 1992, Leheny, J.); Estate of Andrea L. Norman v.Ford Motor Co., 6 Conn. L. Rptr. 117 (March 4, 1992, Burns, J.).
In the present case the plaintiffs have alleged a CUTPA claim based on the misrepresentation that the nail gun was safe, and a failure to disclose the dangerous propensities of the product. The injuries alleged in count two, however, are those physical injuries received from the discharge of the nail gun. Here, "[t]he plaintiff's CUTPA claim is predicated upon physical injuries caused by the product itself, and not upon unfair or deceptive trade practices. Thus there is no functional distinction between the wrongs asserted in the CUTPA claim and those in the product liability claim. It is not that a CUTPA claim cannot be brought contemporaneously with the [C]PLA claim in this action but rather that the allegations as pled do not make out a legally sufficient CUTPA claim under Sec. 42-110a."Cristy v. Soft Sheen Products, supra, 8 CSCR 29. Accordingly, the defendants' motion to strike must be granted.
CONCLUSION
Based on the foregoing, the defendants' Motion To Strike (#102.50) is granted.
So ordered.
Michael Hartmere, Judge