[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR REVIEW OF TAXATION OF COSTS
The somewhat petty, but not altogether uninteresting, issue raised by this motion is whether the clerk correctly allowed $125 as costs in connection with a judgment which entered in favor of the defendant City of Meriden following the granting of an unopposed motion for summary judgment. The plaintiff concedes that $50 in costs representing "all proceedings before trial" is appropriate, but she contests the $75 ordered for the "trial of an issue of law" in connection with the granting of the motion for summary judgment. The parties have briefed the issue thoroughly at an expense which clearly outweighs the amount in controversy, and the court deeply appreciates their efforts to clarify this obscure issue of law.
The facts relevant to the resolution of this issue are not in dispute. The case arises out of an incident which occurred on December 28, 1992 when the plaintiff's decedent, a pedestrian, sustained fatal injuries after being struck by a motor vehicle CT Page 3082 operated by the defendant Norman Somers. The plaintiff brought this action against Somers, the commissioner of the state department of transportation and the City of Meriden. With respect to the City of Meriden, the claim was that the deceased's injuries were the result of a defective highway maintained by the City.
Throughout the early stages of this case, the City attempted to persuade the plaintiff that the highway in question was not one maintained by the City. When the issue was not able to be resolved informally, the City filed a motion for summary judgment, accompanied by a memorandum of law and affidavits to the effect that the highway in question was maintained by the State. After numerous false starts, the case was finally marked ready for argument on January 11, 1996. When the motion was reached, the plaintiff's attorney stated to the court that the plaintiff no longer had any objection to the motion for summary judgment. The court (which, on several previous occasions, had reviewed the motion in anticipation of short calendar argument and was quite familiar with its merits) granted the motion from the bench.
The plaintiff claims that the resolution of the motion for summary judgment should be lumped together with all other "proceedings before trial" and that the defendant is entitled only to the $50 provided by statute for such proceedings. The defendant, however, claims that the summary judgment matter was a discreet issue of law, that it was actually decided by the court, even though unopposed, and that additional costs should therefore be taxed.
General Statutes § 52-257(a) provides for the taxation of costs as follows:
 Sec. 52-257. Fees of parties in civil actions. (a) The fees of parties in civil actions in which the matter in demand is not less than fifteen thousand dollars shall be: For each complaint, exclusive of signing and bond, five dollars for the first page and, for each succeeding page, two dollars; for each judgment file, two dollars for the first page and, for each additional page, one dollar and fifty cents. The prevailing party in any such civil action shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, fifty dollars; (2) for the trial of an issue of law of fact, seventy-five dollars, but if more than one issue CT Page 3083 of fact is tried at one time, only one trial fee shall be allowed; and (3) in difficult or extraordinary cases in the superior court, where a defense has been interposed, a further allowance, in the discretion of the court, not to exceed two hundred dollars.
The plaintiff claims that "a motion for summary judgment is by definition a proceeding prior to trial." In fact, however, although the motion for summary judgment is designed to eliminate a lengthy trial where the facts are not in dispute and one party is entitled to judgment as a matter of law, there is nothing in Practice Book §§ 378, et seq., which defines summary judgment as a proceeding prior to trial. It is true that cases discussing summary judgment refer to the procedure as one designed "to eliminate the delay and expense of a trial", Kakadelis v.DeFabritis, 191 Conn. 276, 281 (1983), but this language makes the procedure sound more like one in lieu of trial, rather than one prior to trial.
The plaintiff also points to language in Lafayette Bank Trust v. Szentkuti, 27 Conn. App. 15, 20-21 (1992) in which the court distinguishes between pretrial matters (Practice Book §§ 262, et seq.), short calendar matters (Practice Book §§ 205, et seq.), and trial matters (Practice Book §§ 283, et seq.) and concludes that "the term `trial' was not intended to include either pretrial or short calendar proceedings. This analysis is less helpful than at first appears because the Practice Book sections regarding summary judgment (§§ 378, et seq.) fall within none of the above categories. Rather than being viewed as a proceeding before trial, it is probably fairer to view it as an alternative to a full-blown trial, one that results in a judgment based on the trial of an issue of law alone, with no facts in dispute.
The plaintiff further claims that its lack of opposition to the motion for summary judgment somehow renders it less of a trial of an issue of law. This argument is without merit. The plaintiff could have sought to withdraw its case against the City. Had it done so, there would have been no need for the court to decide the motion for summary judgment. The fact that she chose not to do so and also chose not to contest the motion for summary judgment, does not render the court's granting of that motion any less of a "decision", even if those choices did help to make it an easier decision. CT Page 3084
Black's Law Dictionary, 6th Ed. (1990) defines trial as a "judicial examination and determination of issues between parties to an action, whether they be issues of law or of fact, before a court that has jurisdiction." This is what occurred in the instant case. The fact that the plaintiff did not oppose summary judgment did not turn the granting of that motion into something other than a judicial examination and determination of the legal issue involved. Even absent objection, the court could not grant the motion unless it agreed with its merits.
In the only case which comes close to addressing the issue raised by the plaintiff, the court upheld the taxing of costs for the trial of an issue of law, not withstanding the fact that a fee had also been taxed on what was then called a "demurrer sustained." Budrow v. Lynch, 8 Conn. Sup. 29 (1940). Although our procedures have changed considerably since 1940, the basic proposition remains that if the trial court decides an issue of law upon which judgment is entered, the prevailing party is entitled to costs in the connection with that procedure, as well as to costs for proceedings prior to trial.[1]
For all the above reasons, this court concludes that the clerk correctly taxed costs for the trial of an issue of law in connection with the court's granting of the defendant City's motion for summary judgment. The motion for review of taxation of costs is therefore granted, and the relief requested therein is denied.
Jonathan E. Silbert, Judge