[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was upon the premises known as The Juke Box located at 3573 Berlin Turnpike, Newington, Connecticut, on November 27, 1987 and the plaintiff claims that due to a defective stairway on the premises he was caused to fall and suffer injuries. CT Page 8932
The defendant Lyn S. Brown (defendant) moves for summary judgment. The defendant claims that she was the Landlord of the subject premises on the date of the loss and did not have control of the subject premises on the date of the loss. The defendant further claims that on the date of the loss the exclusive control of the premises was in the tenant Lance Corporation. The defendant claims that liability for an injury due to defective premises does not depend on title, but on possession and control and said possession and control was in the tenant and not defendant Lyn S. Brown.
The defendant claim there are not genuine issues of material fact, and therefore she is entitled to judgment in this case as matter of law.
The plaintiff, Edward Jacynowicz opposes the motion claiming that there is a material issue of fact, namely, control of the subject premises on the date of the alleged loss.
The function of the court in deciding a motion for summary judgment is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski,206 Conn. 495. 500 (1988).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17. Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, movant for summary judgment is held to a strict standard demonstrating his entitlement to such remedy. Kakadelis v. DeFabritis, 191 Conn. 276, 282.
Inferences to be drawn from underlying facts contained in the evidentiary materials must be viewed in the light most favorable to the party in opposition. D.H.R. Construction Co. V. Donnelly, 180 Conn. 430, 434 (1980).
The United States Supreme Court noted that summary judgment should have been denied where a study of the record revealed that inferences contrary to those drawn by the trial court might be permissible and thus raise a genuine issue as to the ultimate fact. U.S. v. Diebold, Inc., 369 U.S. 654, 655. Cited in United Oil Co. v. Urban Development, 158 Conn. 364, 379.
In the matter at bar both parties have provided the court with an extensive record relevant to the motion for summary judgment.
The record reveals that during the term of the lease the parties engaged in such an interchanging of ownership and CT Page 8933 tenancy interests that any demarcation of rights and responsibilities relevant to the subject premises on the day of the loss has been obscured.
The issue of possession and control of the premises on the date of the alleged loss is a genuine issue of fact.
The movant for summary judgment carries the burden of demonstrating the absence of issues of material fact. The defendant has failed to carry that burden.
The motion for summary judgment is denied.
MIANO, J.