[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion for summary judgment may be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Practice Book 380; Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). "Allegations of pleadings not admitted by a party are not proof of their contents." Plaine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712, 721, 539 A.2d 595, cert. denied 208 Conn. 803, 540 A.2d 74 (1988). "The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under [Practice Book] 380. Additionally, in passing upon a motion for summary judgment, the trial court must view the documentary proof in the light most favorable to the nonmovant." Paine Webber Jackson Curtis, Inc. v. Winters, supra 721-22.
"`When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by Practice Book 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant.'" (Citation omitted.) Kakadelis v. DeFabritis, 191 Conn. 276,280-81, 464 A.2d 57 (1983). "`The moving party for summary judgment is held to a strict standard. . .' for demonstrating his entitlement to summary judgment." (Citation omitted.) Kakadelis v. DeFabritis, supra, 282. Practice Book 380 requires that an affidavit be sworn, made on personal knowledge, and "show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book 381.
In the present case, the affiant, Hozubin, does not identify his relationship to either of the parties. Thus, the affidavit fails to meet the requirements of Practice Book 381 as it fails to show that Hozubin is competent to testify to the debt owed by the defendant to the plaintiff. Furthermore, none of the documentation provided by the plaintiff shows that the defendant has not paid the debt. Accordingly, the plaintiff's CT Page 10851 motion for summary judgment be denied.
SYLVESTER, J.