[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REMOTION FOR SUMMARY JUDGMENT
On June 28, 1991, plaintiff Carol Funaro filed a complaint in negligence against defendant Mount Mansfield, Co., Inc. seeking CT Page 7118 damages for injuries she allegedly suffered at defendant's ski resort area on February 28, 1991. Plaintiff alleges that while unloading from a chair lift, she was forced to ski over an "excessively icy area" causing her to slip, fall and suffer injury.
On January 21, 1992, defendant filed an answer and special defense asserting that plaintiff assumed the risk of injury pursuant to Vt. Stat. Ann. tit. 12, § 1037, and that plaintiff's own conduct caused her injury.
On May 26, 1992, the court, O'Keefe, J., determined that Vermont law applies to the substantive issues in this action.
On May 2, 1994, the court, Gray, J., granted permission to defendant to file a motion for summary judgment. On March 21, 1994, defendant filed a motion for summary judgment and supporting memorandum of law; excerpts from the deposition transcript of plaintiff; affidavit of Judy Aronow; Incident Report Form, dated February 28, 1991; Daily Ski Lift Operation Log, dated February 28, 1991; and Stowe Snow Report, dated February 28, 1991.
Plaintiff filed an objection to defendant's motion and supporting memorandum of law; certified copies of excerpts of the deposition transcripts of plaintiff and Jimmy James; and The Ski Lift Operations Handbook.
In accordance with Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,105 (1994). A material fact is one that will make a difference in the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69
(1979).
The purpose of a motion for summary judgment is to eliminate the delay and expense of a trial when there is no real issue to be tried. Kakadelis v. Defabritis, 191 Conn. 276, 281 (1983). The party moving for summary judgment must show "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v.Seymour, 186 Conn. 632, 647 (1982). Once the moving party has presented such evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. Burnsv. Hartford Hospital, 192 Conn. 451, 455 (1984). In deciding a CT Page 7119 motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81
(1991).
Reliance on deposition testimony on a motion for summary judgment is generally inappropriate. Iannuzzi v. Home DepotU.S.A., 9 Conn. L. Rptr. 159 (May 27, 1993, Ballen, J.); Lagana v.Lastrina, 9 Conn. L. Rptr. 178 (May 2, 1993, Arena, J.).
Defendant argues that it is entitled to judgment as a matter of law because Vt. Stat. Ann. tit. 12, § 1037 (Sup. 1992) bars this action in that plaintiff assumed the risk and responsibility for her injury and that plaintiff's injuries were caused by her own conduct. In opposition, plaintiff argues that an issue of fact exists as to defendant's liability for her injury and losses, and the cause of her injury.
The Vermont Sports Injury Statute, Vt. Stat. Ann. tit. 12, § 1037, provides "[n]otwithstanding the provisions of section 1036 of this title, a person who takes part in any sport accepts as a matter of law the dangers that inhere therein insofar as they are obvious and necessary." The purpose of this statute is to govern the liability of ski area operators with respect to skiing injuries. Nelson v. Snowridge, Inc., 818 F. Sup. 80, 82 (D. Vt. 1993), quoting 1977 Vermont Pub.L. No. 119.
What constitutes an obvious and necessary danger pursuant to Vt. Stat. Ann. tit. 12, § 1037 and is, therefore, an inherent danger for which one assumes the risk when skiing, is ordinarily a question for the jury to decide. Nelson v. Snowridge, Inc., supra,818 F. Sup. 83; Dillworth v. Gambardella, 970 F.2d 1113, 1119-20
(2d Cir. 1992). Only if no reasonable mind could fail to conclude that an object constitutes a necessary and obvious danger of skiing is summary judgment appropriate. Nelson v. Snowridge, Inc., supra,818 F. Sup. 83.
In Nelson, the plaintiff, an experienced skier, was injured on ice he encountered on a trail designated most difficult. Id., 81. The court granted summary judgment in favor of the defendant on the ground that "no reasonable mind could fail to immediately conclude that ice is a necessary and obvious danger of skiing in Vermont." Id., 83. The court further stated "[i]ce is both an obvious feature of skiing and a necessary one; despite exhaustive grooming efforts, ice still remains evident on at least some portions of CT Page 7120 most ski slopes in the East." Id.; see also Leopold v. OkemoMountain, Inc., 420 F. Sup. 781 (D. Vt. 1976) (holding plaintiff not entitled to recover for injuries because ski lift towers on ski slopes are obvious and necessary danger of skiing and therefore plaintiff assumed risk); Wright v. Mount Mansfield Lift, 96 F. Sup. 786
(D. Vt. 1951) (holding plaintiff barred from recovery because danger of encountering a snow covered stump on a ski trail was an obvious and necessary danger, the risk of which was accepted and assumed by plaintiff).
In this case, the documentation presented by defendant indicates that plaintiff was injured when she became entangled with another skier and that the ski conditions were not icy on the day of her injury. The plaintiff has presented documentation indicating that icy conditions and the improper operation of the ski lift by its operator caused her injury. Therefore, an issue of material fact exists as to the cause of plaintiff's fall and injury.
Even if the court determined that plaintiff's fall and injury were caused by icy conditions, whether such was an obvious and necessary danger cannot be determined as a matter of law in this case. Unlike the situation in Nelson, the icy conditions alleged here were in the unloading area of a beginner ski lift, on a beginner slope, and it cannot be said that no reasonable mind could fail to conclude that such constitutes a necessary and obvious danger of skiing.
Accordingly, defendant's motion for summary judgment is denied.
Martin, J.