[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Richard L. Morgan, commenced this breach of contract action against the defendants, Hi-Tech Products Corporation and Martin Streuli, to recover sums allegedly due and owing to him from the defendants, his former employers. The gravamen of the plaintiff's claims is that pursuant to both oral and written agreements, the defendants agreed to pay commissions and compensation to CT Page 2802 the plaintiff for services provided, but they have failed to do so. Additionally, the plaintiff claims the defendants wrongfully discharged him as a sales manager. The defendants now move for summary judgment on the claims brought by the plaintiff in his revised complaint.
On December 17, 1993, the plaintiff filed a revised fifteen count complaint. The first five counts of the revised complaint are directed against the defendant Hi-Tech and allege breach of contract, breach of an oral contract, wrongful discharge, breach of an implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The sixth through tenth counts of the complaint are directed at the defendant Streuli in his capacity as an agent of Hi-Tech and reallege the claims of the first five counts. The eleventh through fifteenth counts are directed against the defendant Streuli in his capacity as the sole director and shareholder of Hi-Tech. These counts also reallege the claims of the first five counts.
The defendants move for summary judgment on the revised complaint. In support of their motion, the defendants attached the affidavit of the defendant Martin Streuli, and other documentation. The plaintiff has not filed any documentation or memoranda in opposition to this motion.
"Practice Book § 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). If an adverse party does not respond "by affidavit or as otherwise provided by [Practice Book] § 380 . . . the court is entitled to rely CT Page 2803 upon facts stated in the affidavit of the movant."Kakadelis v. DeFabritis, 191 Conn. 276, 280-281,464 A.2d 57 (1983).
In support of their motion for summary judgment, the defendants presented the affidavit of the defendant Martin Streuli, who is the president and sole shareholder of the defendant Hi-Tech Products. In addition, the defendants submitted copies of requests for admissions that were not responded to by the plaintiff, and therefore are deemed admitted. See Orenstein v. OldBuckingham Corporation, 205 Conn. 572, 575-77,534 A.2d 1172 (1987). These admissions state that the plaintiff's only claims for commissions arise from sales agreements entered into between the defendants and Moen, Inc. and Smith and Nephew Richards, Inc. Streuli's affidavit states the defendant Hi-Tech Products entered into no agreements with Moen, Inc. after 1989, and that it entered into only one agreement with Smith and Nephew Richards, Inc. after 1989. The affidavit states that the plaintiff was paid his commission for that sales agreement. Additionally, the affidavit states that the defendant Streuli never individually agreed to employ the plaintiff, and never entered into an oral contract of employment with the plaintiff. The affidavit also states that the employment contract entered into between the defendant Hi-Tech Products and the plaintiff was for at will employment, and the plaintiff was discharged because he did not accept a proposal to stay with Hi-Tech Products as a sales representative.
The plaintiff has not opposed this summary judgment motion, and therefore the court is entitled to rely on the facts stated in the defendant Streuli's affidavit.Kakadelis v. DeFabritis, supra, 191 Conn. 280-281. Additionally, while questions of motive, intent and good faith generally are not properly resolved on a motion for summary judgment, "the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." WadiaEnterprises, Inc. v. Hirschfield, 224 Conn. 240, 250,618 A.2d 506 (1992). The plaintiff has failed to present any evidence to raise a genuine issue of fact for any of the claims raised in his complaint, including his claims based on the defendants' intentional conduct and bad CT Page 2804 faith.
For these reasons, the defendants' motion for summary judgment is granted.
PICKETT, J.