[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Catherine Skratt, filed an amended complaint on March 30, 1994 against the defendant, Nationwide Mutual Insurance Company. Catherine Skratt filed this complaint as the administratrix of the estate of Laurel Skratt. According to the amended complaint, on June 27, 1991, Laurel Skratt was a passenger in an automobile being operated by Heather Rutledge and owned by Vanessa Rutledge (the "Rutledge vehicle"). While attempting to make a left hand turn, the Rutledge vehicle was struck by a car being operated by Brian Popp. Laurel Skratt was seriously injured and died as a result of such injuries on June 28, 1991.
The defendant, Nationwide Mutual Insurance Company, insured CT Page 14369 the Rutledge vehicle. This policy provided liability limits of $50,000 per person/$100,000 per occurrence. Vanessa Rutledge is the named insured on such policy.
In January 1994, the plaintiff settled its claims against Heather Rutledge and Vanessa Rutledge in exchange for payment of $40,000 of liability insurance. The defendant made this $40,000 payment to the plaintiff. Furthermore, the defendant also paid $60,000 to settle the claims of the other parties involved in this accident. Accordingly, the limits of Rutledge's insurance policy were exhausted since Nationwide Mutual Insurance paid out $100,000 on this occurrence.
In the amended complaint, the plaintiff claims that the estate has not been fully compensated for the death of Laurel Skratt. The plaintiff presently seeks underinsured motorist benefits from the defendant under the policy issued on the Rutledge vehicle since the liability limits of all available insurance policies were exhausted. According to the plaintiff, Laurel Skratt was an insured under the Rutledge's insurance policy and Heather Rutledge was an underinsured motorist as defined in the policy.
On June 23, 1995, the defendant filed a motion for summary judgment on the grounds that the plaintiff is not entitled to underinsured motorist benefits because the Rutledge vehicle cannot be considered an underinsured motor vehicle within the meaning of General Statutes § 38a-336 or under the terms of the Nationwide insurance policy. Furthermore, the defendant claims that even if it is liable for underinsured motorist benefits, it is permitted to reduce the amount of its liability by the amount of liability insurance paid to the plaintiff by Nationwide and the insurance carrier covering Popp's vehicle. Since this case was scheduled for a jury trial during the week of June 26, 1995, the defendant also filed a motion for permission to file its motion for summary judgment on June 23, 1995. The court granted this motion for permission.
As required by Practice Book § 204, the defendant filed a timely memorandum in support of its motion for summary judgment. In addition, the defendant filed a copy of its insurance contract insuring the Rutledge vehicle involved in the accident. The defendant has not filed any other documents in support of its motion. Additionally, the plaintiff has not filed any documents or a memorandum in opposition to the defendant's motion. CT Page 14370
"The summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . ." (Internal quotation marks omitted.)Mac's Car City, Inc. v. American National Bank, 205 Conn. 255,261, 532 A.2d 1302 (1987). "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 250,654 A.2d 748 (1995). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). "[S]ince litigants ordinarily have a constitutional right to have issues of fact decided by a jury[,] . . . the moving party for summary judgment is held to a strict standard. . . ." (Citation omitted; internal quotation marks omitted.) Kakedelis v. DeFabritis,191 Conn. 276, 282, 464 A.2d 57 (1983).
In Stanton v. Northbrook Property and Casualty Ins. Co.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 349982 (July 29, 1994, Hartmere, J.,12 Conn. L. Rptr. 273, 274), the plaintiff argued that the court should deny the defendant's motion for summary judgment because the defendant, who had submitted its insurance policy and written admissions, did not submit any supporting affidavits. The court explained that a supporting affidavit was not required in that case since the dispute arose out of the language of an insurance policy. Id. According to the court, written affidavits would not have assisted the court in deciding the motion since the interpretation of the insurance policy was at issue and, therefore, the policy itself was the only necessary document. Id.
The present case is similar to Stanton v. Northbrook Propertyand Casualty Ins. Co. in that the terms of the defendant's insurance policy are at issue. The defendant claims that the Rutledge vehicle cannot be considered an underinsured motor vehicle under the terms of its insurance policy and thus, the defendant is not liable to the plaintiff for underinsured motorist benefits. Since the terms of the defendant's insurance policy, which the defendant has submitted, are at issue and because "it is the function of the court to construe the provisions of [a] contract of insurance"; Wallingford v. HartfordAccident Indemnity Co., 231 Conn. 301, 304, 649 A.2d 530
CT Page 14371 (1994); it is submitted that a genuine issue of material fact does not exist as to the policy's terms. Therefore, the court may determine if summary judgment should be granted in favor of the defendant as a matter of law.
Section 38a-334-6(c)(2)(A) of the Regulations of Connecticut State Agencies states in pertinent part, "[t]he insurer's obligations to pay [underinsured motorist benefits] may be made inapplicable: . . . (2) if the uninsured motor vehicle is owned by (A) the named insured or any relative who is a resident of the same household or is furnished for the regular use of any of the foregoing. . . ." The court in Lowrey v. Valley Forge Ins. Co.,224 Conn. 152, 617 A.2d 454 (1992) acknowledged the validity of the above regulation and an insurance policy provision stating that the insurance company will not consider an automobile to be an underinsured motor vehicle if that automobile is owned by the insured.
In Lowrey v. Valley Forge Ins. Co., the plaintiffs were passengers in a car owned and operated by Alfreda Kozlowski, Id., 154. This automobile was involved in an one car accident while the plaintiffs were passengers. Id. The defendant, Valley Forge Insurance Company, provided $100,000 in liability insurance for the Kozlowski automobile with underinsurance coverage in the amount of $100,000. Id. Valley Forge paid the plaintiffs a total of $100,000 in liability insurance. Id. Since the plaintiffs exhausted the liability coverage in the policy, the plaintiffs sought to recover underinsured benefits provided by the defendant. Id. The defendant denied the plaintiffs such benefits because the insurance policy provided that an "uninsured motor vehicle does not include any vehicle or equipment: 1. Owned by or furnished or available for your regular use." Id.
The court stated, "[t]he plain language of the policy exclusion makes it clear that the exclusion applied to the Kozlowski vehicle. . . . The vehicle involved in the accident was owned by Kozlowski, who was the named insured under the policy issued by the defendant. . . . Thus, the vehicle was not an uninsured motor vehicle under the policy." Id., 156. According to the court, "[l]iability insurance is purchased by an owner of a vehicle to protect passengers in that vehicle from the negligent driving of the owner or another driving the vehicle." (Internal quotation marks omitted.) Id., 157. "Underinsured coverage, however, is intended to protect against a different type of risk, the risk that a negligent driver of another vehicle will have CT Page 14372 failed to purchase adequate liability insurance; that is, it is intended to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile." (Internal quotation marks omitted.) Id. The court further explained that "allowing underinsured coverage in the instant case would, in essence, be allowing an individual to increase liability coverage by purchasing less expensive underinsured coverage." (Internal quotation marks omitted.) Id., 158.
The court further explained that underinsured coverage is first-party coverage that follows the person and not the vehicle. Id. The court stated, "[h]ere, however, the [plaintiffs] have already collected under the liability coverage of the insurer of the [Kozlowski] car. . . . To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage." (Internal quotation marks omitted.) Id. The court went on to uphold the insurance policy's exclusion by stating, "[t]he policy definition defining an underinsured motor vehicle to exclude a vehicle owned by or regularly furnished or available to the named insured properly prevents this conversion of first-party coverage into third-party coverage." (Internal quotation marks omitted.) Id.
In the present case, page nine of the defendant's policy entitled Nationwide's Century II Auto Policy states, "[u]nder this coverage, we will pay bodily injury damages that you or your legal representative are legally entitled to recover from the owner or driver of an uninsured motor vehicle[1]. . . . Anyone else is protected while occupying your auto." Page three of Endorsement 2277 of the Nationwide policy states that "[w]e will not consider as an uninsured motor vehicle . . . (e) any motor vehicle insured under the liability coverage of this policy. . . ." The Rutledge vehicle is an insured vehicle under the defendant's policy. Therefore, the Rutledge vehicle is not considered an underinsured motor vehicle under the defendant's policy.
Although the exclusion contained in the defendant's policy is not worded exactly the same as the exclusion contained in Lowreyv. Valley Forge Ins. Co., the defendant's exclusion still furthers the policy stated in Lowrey v. Valley Forge Ins Co. and § 38a-334-6(c)(2)(A) of the Regulations of Connecticut State CT Page 14373 Agencies. Nationwide provided liability insurance to Vanessa Rutledge insuring the Rutledge vehicle. Like the plaintiffs inLowrey v. Valley Forge Ins. Co., the plaintiff in this case, a passenger in the Rutledge vehicle, has received proceeds from the liability portion of the Nationwide policy covering the Rutledge vehicle. The plaintiff does not make a claim against the defendant's insurance policy stating that the driver of the other vehicle involved in the accident was underinsured. Rather, the plaintiff claims that the Rutledge vehicle was underinsured and therefore, the Rutledge vehicle's insurance policy must pay underinsured motorist benefits. The plaintiff in this case seeks to convert the Rutledge vehicle's underinsured motorist benefits from first-party coverage to third-party coverage. Lowrey v.Valley Forge Ins. Co. demonstrates that such a conversion is not permitted. Therefore, the defendant's exclusion is valid under the law in Connecticut since it prevents this unpermitted conversion.
Accordingly, the defendant is not liable to the plaintiff for underinsured motorist benefits because the exclusion contained in the defendant's insurance policy is valid and applies to the Rutledge's motor vehicle. Therefore, the defendant's motion for summary judgment is granted.
Howard F. Zoarski, Judge