[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
On October 18, 1995, the plaintiff, David Rosati, filed a three count revised complaint against the defendants, Jane Doe and Audrey Jenkins. Count one alleges defamation. Count two alleges intentional infliction of emotional distress. Count three alleges tortious interference with a contract. On November 1, 1995, the defendant, Audrey Jenkins, filed a motion to strike the third count of the plaintiff's revised complaint, accompanied by a supporting memorandum of law. On November 30, 1995, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike. CT Page 288
The third count of the plaintiff's revised complaint alleges the following facts.
 1. The plaintiff, David Rosati, entered into an employment contract with the Torrington Company on or about May 7, 1990.
 2. On or about January 18, 1995, pursuant to that employment contract, the plaintiff, David Rosati, was employed by the Torrington Company as a Project Specialist in the Precision Components Division in Watertown, Connecticut.
 3. On or about January 18, 1995, the defendant, Audrey Jenkins was also employed by the Torrington Company in the Precision Components division in Watertown, Connecticut.
 4. On or about January 18, 1995, on various dates thereafter, the defendant, Audrey Jenkins, communicated to diverse person as the Torrington Company that the plaintiff, David Rosati, had committed a crime of moral turpitude against her.
 5. The communication by the defendant, Audrey Jenkins, was false and malicious.
 6. In consequence of the communication by the defendant, Audrey Jenkins, the Torrington Company was induced to breach its employment contact with the plaintiff, David Rosati, and he was terminated from his employment with the Torrington Company and he has lost the benefits of his employment with the Torrington Company, including, but not limited to, wages and pension benefits and other incidents of employment, and his future earning capacity has been damaged.
The defendant argues that the third count of the complaint is insufficient because it fails to allege on of the elements of tortious interference with a contract that being the intent to interfere with the contract. The plaintiff argues that the third count is sufficient and should not be stricken because it alleges all the elements of tortious interference with a contract and therefore properly states a claim upon which relief can be granted.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party CT Page 289 may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medicalsystems v. BOC Group. Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ."S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v.Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988).
Connecticut courts have "long recognized a cause of action for tortious interference with contract rights or business relations."Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314, 340, n. 30, 627 A.2d 909 (1993). "The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendant's knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff."Hart, Nininger Campbell Associates, Inc. v. Rogers,16 Conn. App. 619, 629, 548 A.2d 758 (1988). "[T]he plaintiff [is required] to plead and prove at least some improper motive or improper means." Kakadelis v. DeFabritis, 191 Conn. 276, 279, 464 A.2d 57 (1983);Blake v. Levy, 191 Conn. 257, 262, 464 A.2d 52 (1983).
Although the plaintiff has alleged the existence of a contract and actual loss, the plaintiff has not alleged the requisite intent element necessary to state a claim of tortious interference with a contract. Accordingly, the defendant's motion to strike the third count of the plaintiff's revised complaint is granted.
Pickett, J. CT Page 290