[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT #111
On August 8, 1996, the plaintiff, NationsCredit Commercial Corporation f/k/a Greyrock Capital Group, Inc. (NationsCredit), filed an action seeking recovery of certain pieces of construction equipment owned by the defendants, Martin and Cindy Ruggiri. The plaintiff alleges that the Ruggiris entered into three separate security agreements with two different lending institutions to secure three separate loans issued to the defendants. According to the plaintiff, these lending institutions then sold and assigned all of their rights under the loan and security agreements to the plaintiff. The plaintiff alleges that the defendants have defaulted on the three loans, and, therefore, the plaintiff requests this court to enter an order permitting it to take possession of the equipment subject to the plaintiff's security interest to satisfy the defendants' obligations under the loan agreements.
The plaintiff originally sought an order for a prejudgment remedy of replevin for the equipment, and the court, granted this prejudgment remedy on August 8, 1996. NationsCredit Corp. v.Ruggiri, Superior Court, judicial district of New Haven, Docket No. 390338 (August 8, 1996, Corridino, J.). Pursuant to the court's order, the plaintiff was able to replevy the following equipment: one 1968 Pioneer Portable Rock Crusher, model 30-24, bearing serial number 324RT300; one 1995 C.E.-Gator Portable Recycle Plant, model CT Page 746 3224 METRO, bearing serial number 3224-069; one self-contained portable diesel-hydraulic crushing plant bearing serial number 950154; one used 1986 Hitachi Excavator, model UH083-LC, bearing serial number 14424469 which has a Bucket and LaBounty Grapple Bearing attachment possessing serial number 11214; one used 1974 Caterpillar D8 Dozer bearing serial number 77V1574; one TyRex Loader, model 72-51AA, with a 5 yard bucket bearing serial number 48683; and one 1976 CAT 977K Track Loader bearing serial number 53B2773. Id. To obtain the prejudgment remedy, the plaintiff obtained a bond in the amount of $151,000.00. Id.
On November 22, 1996, the plaintiff filed a motion for summary judgment requesting the court to enter judgment on its complaint. In support of its motion, the plaintiff filed the three loan agreements and corresponding security agreements, the three assignments of the loan and security interests to the plaintiff, the affidavit of Ron Russo, NationsCredit's Division Vice President, and a copy of the sheriff's return indicating which equipment he seized pursuant to the court's order for the prejudgment remedy.
In opposition, the defendants filed an unsworn statement signed by them, a copy of a loan document, two copies of checks sent to NationsCredit, and a copy of a retail installment contract for the purchase of one used Caterpillar Crawler Loader, model 977H, bearing serial number 53A2772. According to the defendants' statement, they have not defaulted on their loans and the sheriff seized one piece of equipment that was not subject to NationsCredit's security interest.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242, 250 (1995). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Kakadelis v. DeFabritis,191 Conn. 276, 282 (1983).
General Statutes § 42a-9-203 (1) provides in relevant part: "ATTACHMENT AND ENFORCEABILITY OF SECURITY INTEREST. Subject to CT Page 747 the provisions of section 42a-4-210 on the security interest of a collecting bank, section 42a-8-321 on security interests in securities and section 42a-9-113 on a security interest arising under article 2, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless: (a) The . . . debtor has signed a security agreement which contains a description of the collateral . . . (b) value has been given; and (c) the debtor has rights in the collateral."
On September 12, 1995, Maine Financial Services, Inc. (Maine Financial) loaned $29,250.00 to the defendants, Martin and Cindy Ruggiri. (Plaintiff's Exhibit A: Maine Financial Services, Inc. Commercial Note and Security Agreement, September 12, 1995). To secure the loan, the Ruggiri's entered into a security agreement with Maine Financial and provided it with a security interest in one used 1968 Pioneer Portable Rock Crusher, model 30-24, bearing serial number 324RT300. (Plaintiff's Exhibit A). On September 12, 1995, Maine Financial sold and assigned its rights and interest in the abovementioned loan and security agreement to the plaintiff. (Plaintiff's Exhibit C: Purchase Agreement and Contract Assignment, September 12, 1995).
On May 22, 1995, Republic Capital Corporation (Republic) loaned $33,560.16 to the defendants. (Plaintiff's Exhibit D: Republic Capital Corp. Security Agreement, May 22, 1995). To secure this loan, the defendants entered into a security agreement with Republic and provided it with a security interest in one 1995 C.E.-Gator Portable Recycle Plant, model 3224 METRO, bearing serial number 3224-069, and one self-contained portable diesel-hydraulic crushing plant bearing serial number 950154. (Plaintiff's Exhibit D). On May 22, 1995, Republic sold and assigned all of its rights and interest in this loan and security agreement to the plaintiff. (Plaintiff's Exhibit F: Purchase Agreement and Contract Assignment, May 22, 1995).
On July 6, 1995, Republic loaned $93,093.60 to the defendants. (Plaintiff's Exhibit G: Republic Capital Corp. Security Agreement, July 6, 1995). To secure this debt, the defendants entered into a security agreement with Republic and provided it with a security interest in one used 1986 Hitachi Excavator, model UH083-LC, bearing serial number 14424469 which also possessed a Bucket and LaBounty Grapple Bearing displaying serial number 11214, one used 1974 Caterpillar D8 Dozer bearing serial number 77V1574, one TyRex Loader, model 72-51AA, with a 5 yard bucket bearing serial number 48683, and one 1976 CAT 977K Track Loader bearing serial number CT Page 748 53B2773. (Plaintiff's Exhibit G). On July 6, 1995, Republic sold land assigned all of its rights and interest in this loan and security agreement to the plaintiff. (Plaintiff's Exhibit I: Purchase Agreement and Contract Assignment, July 6, 1995).
The documents submitted by the plaintiff establish that the defendants, as the debtors, signed the security agreements which contain descriptions of the collateral. Value, in the form of loans, was given to the defendants in return for the security agreements. Furthermore, the defendants, as the owners of the equipment, do not contest the fact that they possessed rights in the collateral provided as security under the three agreements. Accordingly, all of the requisites of § 42a-9-203 have been satisfied, and the plaintiff possesses an enforceable security interest in the collateral described in the security agreements.
General Statutes § 42a-9-503 provides in relevant part: "SECURED PARTY'S RIGHT TO TAKE POSSESSION AFTER DEFAULT. Unless otherwise agreed a secured party has on default the right to take possession of the collateral." Russo's affidavit establishes that the defendants have defaulted on the three abovementioned loans. (Affidavit of Ron Russo, Division Vice President of NationsCredit, November 20, 1996, p. 10).
Although the defendants state in their letter to the court that they have made all monthly payments on all of their loan obligations, this letter is not a sworn statement and amounts to inadmissible hearsay which the court will not consider when reviewing the defendant's opposition. Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03 (1995).
Additionally, the defendants have submitted a document indicating that NationsCredit re-amortized one of their loans which allowed the defendants to make monthly payments in the amount of $1,500.00 from June, 1996 to November, 1996, instead of making the required monthly payments of $3,103.12. The defendants also submitted two checks, one dated July 30, 1996 in the amount of $1,500.00 and the other dated July 5, 1996 in the amount of $1,400.00. This evidence, however, fails to demonstrate that the defendants have not defaulted on the three loans by making all of the monthly payments. Since the plaintiff's affidavit demonstrates that the defendants have defaulted on the three loans, and because the defendants have not provided the court with any evidence demonstrating that they have not defaulted, the court finds that a genuine issue of material fact does not exist, and concludes that CT Page 749 the defendants have defaulted on their loans.
Moreover, all three loan agreements provide that the secured party may, upon default, take possession of the secured property. See Plaintiff's Exhibits A, D and G). Therefore, since the defendants have defaulted on their obligations under the three loan agreements, and because the parties have not otherwise agreed to a course of action on default other than taking possession of the collateral, the court finds that the plaintiffs are entitled to possession of the collateral described in the three security agreements
The defendants further argue that the sheriff, while executing the order for the prejudgment remedy, seized a "Cat loader" which was not subject to NationsCredit's security interest. Presumably, the defendants are referring to the 1976 CAT 977K Track Loader bearing serial number 53B2773. In support of this argument, the defendants have submitted a retail installment contract, entered into between Martin Ruggiri and WESCO, Inc., for the purchase of a used Caterpillar Crawler Loader, model 977H, bearing serial number 53A2772. This loader is not described in any of the plaintiff's security agreements. Since the serial and model numbers on these two pieces of equipment are very similar, it may be that the sheriff seized the wrong piece of machinery. Accordingly, a question of fact exists as to whether the plaintiff possesses the correct CAT loader. Until this can be resolved, the court will not grant the plaintiff's motion for summary judgment on the plaintiff's complaint to the extent that it seeks replevin of the 1976 CAT 977K Track Loader bearing serial number 53B2773.
For the foregoing reasons, the court grants the plaintiff's motion for summary judgment and finds that it is entitled to possession to the following equipment described in the security agreements which has already been seized by the sheriff: one 1968 Pioneer Portable Rock Crusher, model 30-24, bearing serial number 324RT300; one 1995 C.E.-Gator Portable Recycle Plant, model 3224 METRO, bearing serial number 3224-069; one self-contained portable diesel-hydraulic crushing plant bearing serial number 950154; one used 1986 Hitachi Excavator, model UH083-LC, bearing serial number 114424469 which has a Bucket and LaBounty Grapple Bearing attachment possessing serial number 11214; one used 1974 Caterpillar D8 Dozer bearing serial number 77V1574; and one TyRex Loader, model 72-51AA, with a 5 yard bucket bearing serial number 48683.
Samuel S. Freedman, Judge CT Page 750