[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On February 28, 1996, Eric Rumbin (plaintiff) filed a four count substituted complaint against Dr. Eduardo Baez (defendant) alleging negligence a CUTPA violation, tortious interference and breach of contract. On February 14, 1997 the defendant moved to strike all four counts. This case arises out of a psychological and neuropsychological evaluation performed by the defendant upon the plaintiff in 1988 to assist the Bureau of Rehabilitative Services in their assessment of the plaintiff's employability.
COUNT 1 NEGLIGENCE
The defendant has moved to strike this count claiming that the plaintiff has not alleged facts sufficient to support a claim of medical malpractice and has failed to file a certificate of good faith as required by law. The plaintiff claims that the motion to strike should be denied because this count does not allege medical malpractice but mere negligence, that the defendant is not a health care provider and therefore is not subject to the requirements of a malpractice action.
The opposing parties have differing contentions with regard to the nature of the first count.
Connecticut General Statutes § 52-184c provides as CT Page 13533 follows:
 "In any civil action to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987 in which it is alleged that such injury or death resulted from the negligence of a health care provider, as defined in Section 52-184b, the claimant shall have the burden of proving by the preponderance of the evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider."
Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average reputable member of the profession with the result of injury, loss or damage to the recipient of those services. Barnes v. Schlein. 192 Conn. 732, 735. Connecticut General Statutes 52-184b defines health care provider as "any person, corporation, facility or institution licensed by this state to provide health care or professional services." Dr. Baez renders professional psychological services and, is licensed by the state pursuant to Connecticut General Statutes § 20-187a et seq. In the plaintiff's substitute complaint, the plaintiff has alleged Dr. Baez was negligent "in that no reasonable or competent clinical psychologist could have concluded upon appropriate examination and evaluation that the plaintiff suffered from a dependent personality disorder." Clearly this is an allegation that a health care provider failed to render services as other clinical psychologists would have, and as such this a medical malpractice claim. In that regard the plaintiff's first count is insufficient on numerous grounds.
First, because this is a medical malpractice action the plaintiff must file a certificate of reasonable inquiry, Connecticut General Statutes § 52-190 (a). The plaintiff's argument that this is not required because he does not allege personal injury is without merit. The plain meaning of personal injury includes emotional distress or mental anguish.Kilduff v. Adams Inc. 219 Conn. 314, 337 (1991). The plaintiff has not filed the requisite certificate. This omission makes this count of the complaint subject to a motion to strike.LeConche v. Elligers, 215 Conn. 701, 711 (1990). CT Page 13534
Secondly, a medical malpractice count has, among other requirements, that a duty of care was owed to the plaintiff.LaBieniec v. Baker 11 Conn. App. 199, 202-203 (1987). In Connecticut in order to establish a duty of care there must be a physician/patient relationship. The physician/patient relationship is a consensual one and is created when the professional services of a physician are rendered to or accepted by another for the purposes of medical or surgical treatment. The plaintiff in this case cannot support his cause of action because the defendant was hired by a third party, the Bureau of Rehabilitative Services to perform an independent evaluation of the plaintiff and to submit a report. The defendant owed no duty of care to the plaintiff. Zainstien v. Marvasti, NO CV 93 0457182 (November 29th, 1994 and Pokorny v. Shafer
No. CV93 0528375 (February 28th, 1994). The motion to strike is therefore granted.
COUNT 2 CUTPA
The plaintiff's claim in the second count must also fail. The allegation in the second count that the defendant fraudulently obtained public funds for his services do not transform this claim of medical malpractice into a CUTPA claim. The plaintiff's allegations are based on the lack of competence of the defendant and not the entrepreneurial or business aspects of the provision of his services. Cases of professional negligence do not fall under CUTPA. Haynes v. Yale New Haven Hospital,243 Conn. 17, 34 (1997). The second count is stricken.
COUNT 3 TORTIOUS INTERFERENCE
The third count of the plaintiff's complaint requires that the plaintiff must establish the existence of a contractual or beneficial relationship and that the defendant, knowing of that relationship, intentionally sought to interfere with it, and as a result, the plaintiff suffered actual loss. Solomon v.Aberman, 196 Conn. 359 (1985). The plaintiff is required to plead some improper motive or improper means. Kakadelis v.DeFabritis et al., 191 Conn. 276, 279 (1983). The plaintiff has failed to allege that the defendant knowing of a beneficial relationship between the plaintiff and the Division of Rehabilitative Services, intentionally sought to interfere with that relationship. Having failed to allege the necessary elements for tortious interference the third count of the plaintiff's complaint is ordered stricken. CT Page 13535
COUNT 4 BREACH OF CONTRACT
Connecticut does not recognize a patient's cause of action for breach of contract based upon a claim of injuries resulting from medical malpractice. The only exception is where the parties have contracted for a specific result. Barnes v.Schlein, supra, page 735-736. The fourth count contains no such allegation. The fourth count is ordered stricken.
The motion to strike is granted in its entirety for the reasons stated.
O'Keefe, J.